CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 0 4 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 6:07cr00012-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| BENJAMIN L. BELTRAN | ) | By: Hon. Norman K. Moon |
| | ) | United States District Judge |

Petitioner, Benjamin L. Beltran, filed this 28 U.S.C. § 2255 motion challenging his convictions and sentence for conspiring to distribute methamphetamine and multiple counts of possessing with intent to distribute methamphetamine. Beltran claims his plea was not knowing and voluntary and that counsel provided ineffective assistance in failing to file an appeal upon Beltran's request. This matter is before the court on respondent's motion to dismiss. On the existing record, the court is unable to resolve Beltran's claim that counsel was ineffective in failing to file an appeal upon request and, therefore, refers the matter for an evidentiary hearing on the issue.

**I.**

On March 8, 2007, a grand jury in the Western District of Virginia issued an indictment charging Beltran with conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846; and three counts of possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. Pursuant to a written plea agreement, Beltran pled guilty to all four counts. On November 21, 2007, the court sentenced Beltran to a total of 260 months incarceration, consisting of 260 months as to each count, to be served consecutively. Beltran did not appeal.

**II.**

One of Beltran's claims is that counsel was ineffective when he failed to file an appeal upon Beltran's request. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe

v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Beltran's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. In light of Beltran's allegation and his trial counsel's conflicting affidavit, the court refers for an evidentiary hearing on the issue of whether Beltran asked his trial counsel to file a direct appeal.

### III.

With regard to Beltran's other claims, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Beltran's other claim, the court will not address the government's argument in its motion to dismiss regarding Beltran's other claim at this time.

### IV.

For the reasons stated herein, the court the court refers the matter to United States Magistrate Judge Michael F. Urbanski for an evidentiary hearing on the issue of whether Beltran asked his trial counsel to file a direct appeal.

**ENTER**: This 4th day of June, 2009.

_____
United States District Judge